UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUDOLPH KELLY, SR.,

    Plaintiff,

v.                                                                                                                 Case No. 8:18-cv-655-T-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,[1]

    Defendant.
_____/

## **ORDER**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Supplemental Security Income (SSI) payments. For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1966, has a tenth-grade education, and has no past relevant work experience. (R. 35, 37, 50). In July 2014, the Plaintiff applied for SSI, alleging disability as of January 1, 1990, due to depression and an unspecified mental

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

condition. (R. 56-57, 225). The Social Security Administration (SSA) denied his application both initially and on reconsideration. (R. 56-83).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on December 22, 2016. (R. 29, 97-99). At the commencement of that hearing, the Plaintiff amended his onset date to his July 2014 application date. (R. 33). The Plaintiff then testified regarding certain mental health and physical impairments, including a knee condition, he claimed rendered him unable to work. (R. 33-49). A vocational expert (VE) also testified. (R. 49-53).

At the conclusion of the hearing, Plaintiff's counsel suggested that the ALJ order an updated consultative examination (CE) of the Plaintiff, particularly with respect to his physical impairments. (R. 53). The ALJ denied this request, explaining that the Plaintiff did not allege any physical impairments in his application and that, to the extent he subsequently claimed to have a knee issue, this impairment was "accounted for" in the more recent medical records. (R. 54). The ALJ also declined to order a mental CE, noting that the consultative examiner who last evaluated the Plaintiff found that "some secondary gain issues appeared evident."[2] *Id*.

Notwithstanding her decision not to order a physical or mental CE, the ALJ offered to leave the record open for the Plaintiff to obtain his own CE. *Id.* The Plaintiff declined this offer. *Id.*

---

[2] "Secondary gain" refers to "external and incidental advantage derived from an illness, such as rest, gifts, personal attention, release from responsibility, and disability benefits." *Burrell v. Colvin*, 775 F.3d 1133, 1139 n.5 (9th Cir. 2014) (quoting *Dorland's Illustrated Medical Dictionary* 721 (29th ed.))

2

In a decision dated February 22, 2017, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since his July 2014 application date; (2) had the severe impairments of obesity, bipolar disorder, generalized anxiety disorder, antisocial personality disorder, moderate depressive disorder with mixed features, and degenerative joint disease of the right knee (status post arthroscopic surgery); (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to engage in light work subject to certain physical, mental, and other limitations; and (5) based in part on the VE's testimony, could perform jobs that exist in significant numbers in the national economy. (R. 17-23). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 23).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are

---

[3] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4).[4] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in past relevant work; and (5) can perform other work in the national economy given his RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether he applied the correct legal standards. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). While the court accords deference to the Commissioner's factual findings, "no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

### III.

The Plaintiff's sole argument on appeal is that the ALJ failed to fully and fairly develop the record by declining to order an updated "physical and/or mental" CE. (Doc. 19 at 6-9). The Plaintiff asserts in support of this argument that the opinion evidence concerning both his mental and physical impairments was stale and

otherwise insufficient.[5] (Doc. 19 at 6-9). The Commissioner counters that the Plaintiff fails to show the ALJ required a CE to make an informed disability determination and that, in any event, the ALJ's decision not to order one did not create an evidentiary gap in the record resulting in unfairness or clear prejudice. *Id.* at 9-14.

Upon a thorough review of the record and the parties' submissions, the Court finds no cause for reversal or remand.

A.

Because Social Security proceedings are inquisitorial rather than adversarial, an ALJ has a basic and firmly-established duty to develop a full and fair record of the facts relevant to a claimant's application for benefits. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). This duty, however, does not obligate an ALJ to order a CE wherever there is evidence that a claimant may suffer from a particular impairment. Instead, an ALJ "may purchase a [CE] to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to support a

---

[5] To buttress his request for a CE, the Plaintiff also makes passing reference to his history of incarceration and the nature of his crimes. *Id.* at 9. As the Plaintiff does not elaborate or otherwise attempt to develop this perfunctory reference, the Court does not address it here. *See Mosley v. Acting Comm'r of Soc. Sec. Admin*, 633 F. App'x 739, 743 (11th Cir. 2015) (rejecting plaintiff's speculation as to her intellectual functioning as insufficient to warrant ALJ's further development of the record); *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (citations omitted) (refusing to address party's "perfunctory and underdeveloped" argument); *Flanigan's Enterprises, Inc. of Ga. v. Fulton County, Ga.*, 242 F.3d 976, 987 n. 16 (11th Cir. 2001) (finding that party's failure to elaborate on or to provide authority supporting allegation raised amounts to waiver of argument on that issue) (citations omitted), (citations omitted), *superseded by statute on other grounds as noted in Buehrle v. City of Key West*, 813 F.3d 973, 980 n.3 (11th Cir. 2015).

6

determination or decision on [a] claim." 20 C.F.R. § 416.919a. Importantly, the ALJ need not exercise this discretion in favor of ordering a CE "as long as the record contains sufficient evidence for [her] to make an informed decision." *Ingram*, 496 F.3d at 1269 (citing *Doughty*, 245 F.3d at 1281); *see also Nation v. Barnhart*, 153 F. App'x 597, 598 (11th Cir. 2005) ("The ALJ is not required to seek additional independent expert medical testimony before making a disability determination if the record is sufficient and additional expert testimony is not necessary for an informed decision.") (citations omitted).

A plaintiff seeking remand where an ALJ has declined to order a CE must show not only that the ALJ erred in doing so but also that the plaintiff was prejudiced by the ALJ's decision. *See Mosley*, 633 F. App'x at 742 (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Only where "the record reveals evidentiary gaps which result in unfairness or clear prejudice" may a court find that remand is appropriate. *Id.* (quoting *Brown*, 44 F.3d at 935). Ultimately, the claimant bears the burden of proving he is disabled and must therefore produce adequate evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

B.

Beginning with the Plaintiff's mental impairments, the Court finds no error in the ALJ's decision not to order a second CE. It bears noting at the outset that, at the hearing, Plaintiff's counsel essentially conceded an updated mental CE was unnecessary. He stated, in pertinent part, "I would ask you to consider sending him out for an updated examination, especially the physical. The mental, I think we can

7

kind of look at the GAF scores and . . . it looks like moderate . . . so we've got, kind of, an opinion. But on the physical, I think that an updated examination would be helpful." (R. 53).

Irrespective of this concession, the record before the ALJ was sufficient for her to reach an informed decision with respect to the Plaintiff's mental health issues. That evidence included a mental CE conducted in October 2014 by a licensed psychologist, Dr. Fred L. Alberts, Jr., who evaluated the Plaintiff's mental status and provided an overall clinical summary (R. 438-441); evidence reviews completed in late 2014 and early 2015 by two state agency medical consultants, Drs. Janice Miller and Steve Wise, who offered opinions as to the limiting effects of the Plaintiff's alleged mental impairments (R. 61-65, 75-80); mental health records from August 2015 to April 2016 of a psychiatrist, Dr. Suman Bhat, who, among other things, performed an initial psychiatric evaluation of the Plaintiff, treated him, and prescribed him medications (R. 456-64, 509-15); subsequent records in 2016 from the Neuropsychiatric Institute, which administered "indepth [sic] neuropsychiatric assessments" of the Plaintiff, prescribed him medications, and conducted examinations of his cognition, mood and affect, as well as his neurological and musculoskeletal systems (R. 485-506, 518-39);[6]

---

[6] It bears mentioning that these records reflect an improvement in the Plaintiff's mental health as the December 2016 ALJ hearing approached. In September 2016, for example, the Plaintiff's treatment notes evidence that his mood had lifted, he was eating and sleeping well, and he had been socializing outside the home with his sister and nephew. (R. 502). And, in October 2016, the Plaintiff stated that, while he still experienced depression, he continued to feel better. (R. 497-98).

the Plaintiff's own testimony at the hearing (R. 33-49); and Function Reports he submitted to the SSA (R. 232-39, 251-58).

The Plaintiff has not identified any inconsistencies or gaps in this evidence sufficient to trigger the ALJ's duty to order a second CE. Nor has he pointed to any unfairness or clear prejudice stemming from any such purported evidentiary deficiencies. As a result, the Plaintiff's argument that the ALJ erred by not ordering an additional mental CE fails. *Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014) (affirming ALJ's decision not to order additional medical examination where medical records, reports from treating therapists, assessments of agency physicians, and plaintiff's self-assessments provided sufficient basis for disability determination).

C.

In support of his argument that the ALJ was required to order a physical CE, the Plaintiff points to the fact that such a CE was not conducted at either the initial or reconsideration levels and that the state agency consultant who reviewed the record on reconsideration gave only a prospective opinion regarding the Plaintiff's knee condition. (Doc. 21 at 9). This line of argument is without merit.

As the ALJ observed, the Plaintiff did not allege in either his SSI application or on reconsideration that he had any disabling physical impairments. (R. 54). For example, when asked in his Disability Report to list the physical or mental conditions that limited his ability to work, the Plaintiff stated only that he suffered from depression and other mental issues. (R. 225). When the form prompted him to

9

describe the treatment he received or would receive in the future for his physical conditions, the Plaintiff identified none. (R. 227-28). And, on reconsideration, the Plaintiff maintained that his mental impairments—rather than any physical issues—precluded him from working. (R. 224-50). Accordingly, the fact that the SSA did not send the Plaintiff for a physical CE at either the initial or reconsideration levels provides no basis for remand. *See, e.g., Mosley*, 653 F. App'x at 742 (noting plaintiff's failure to list particular impairment in applications or disability report as undermining her argument for remand based on failure to develop the record).

The Plaintiff's challenge to the adequacy of the record before the ALJ as it relates to his knee and other physical issues is likewise unavailing. While the Plaintiff's medical reports indicate he experienced right knee problems due to a July 2014 motor vehicle accident (R. 75), the evidence of record was sufficient for the ALJ to engage in an informed evaluation of the effects of those knee issues, as well as his other physical impairments, on his ability to work.

To begin, the ALJ had before her the opinion of the state agency consultant, who reviewed the Plaintiff's relevant treatment records and concluded that his knee impairment could not be expected to last for more than twelve months and was therefore non-severe. *Id.*

The evidence before the ALJ also included the treatment records upon which the state agency consultant's opinion was based. Those records revealed that the Plaintiff visited the Tampa General Hospital (TGH) emergency room after the July 2014 motor vehicle accident, was observed to be in no distress, was able to ambulate

with a steady gait, and was thereafter discharged to his home. (R. 316-20). The records further revealed that the Plaintiff subsequently received treatment from Dr. Frederick McClimans from September to November 2014; that Dr. McClimans resolved a large tear in the Plaintiff's meniscus through an arthroscopy in September 2014 (R. 452-53); that, although the Plaintiff advised Dr. McClimans in follow-up visits he experienced pain and swelling in the right knee, the Plaintiff also reported a 50% improvement in that knee by November 2014 (R. 446); and that, by that point, Dr. McClimans found the Plaintiff had reached maximum medical improvement, advised him to continue a home exercise program, and prescribed him medication to take as needed, *id*.

In addition to the above information, the ALJ had the benefit of records of the Plaintiff's subsequent visits to TGH in August 2015, October 2015, and January 2016, which addressed treatments he received for his knee and other physical issues (R. 469-82); as well as records from Rose Radiology relating to the Plaintiff's reports of back pain and subsequent diagnostic testing of his lumbar spine in September 2016 (R. 544-60).

Moreover, the ALJ considered evidence of the Plaintiff's ability to engage in certain activities of daily living. The ALJ noted in that regard that the Plaintiff was able to ambulate without assistance and had not received prolonged or sustained physical therapy, injections, or chronic pain management. (R. 20-22).

The Plaintiff fails to demonstrate inconsistencies or evidentiary gaps in the record that would compel the ALJ to exercise her discretion in favor of ordering a

physical CE. *See, e.g., Holladay v. Bowen*, 848 F.2d 1206, 1208-10 (11th Cir. 1988) (explaining that ALJ's failure to exercise regulatory discretion to purchase additional medical evidence that would have provided certainty as to whether plaintiff suffered from particular heart disease was not error because only substantial evidence is needed to sustain ALJ's findings); *Riddle v. Astrue*, 2013 WL 623896, at *3 (M.D. Fla. Jan. 25, 2013) (disagreeing with plaintiff's assertion that updated CE was needed due to absence of recent medical treatment where record contained 100 pages of medical records from treating physicians and three state agency consultants). And, the fact that the Plaintiff rejected the ALJ's offer to leave the record open for the Plaintiff to produce additional evidence in support of his claims (R. 54) further undermines his argument that the ALJ's decision not to order a CE resulted in unfairness or clear prejudice.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is affirmed.

2) The Clerk is directed to enter `Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 22nd day of August 2019.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record